## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUAN WILLIAM
    ARREDONDOLOPEZ,
              Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
              Agency.

DOCKET NUMBER
PH-0714-17-0438-C-1

DATE: June 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Juan William Arredondolopez</u>, Shoemakersville, Pennsylvania, pro se.

<u>Stacey Conroy</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the compliance initial decision, which denied the appellant's petition for enforcement. Generally, we grant petitions such as these

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's new allegation of noncompliance to the regional office for docketing as a petition for enforcement. 5 C.F.R. § 1201.182(a).

## BACKGROUND

¶2      On September 18, 2017, the appellant appealed the agency's decision to remove him from his position as Chief Supervisory Radiologic Technologist (CSRT), GS-11, at the agency's Corporal Michael J. Crescenz Medical Center in Philadelphia, Pennsylvania. *Arredondolopez v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-17-0438-I-1, Initial Appeal File (IAF), Tab 1. After holding a hearing, the administrative judge issued an initial decision finding that the agency failed to prove its charges and reversing the appellant's removal. IAF, Tab 30. The administrative judge ordered the agency to retroactively restore the appellant, effective September 12, 2017, pay him the appropriate amount of back pay, with interest, and adjust his benefits with appropriate credits and deductions.

*Id.*  The initial decision became the final decision of the Board on March 20, 2018, after neither party filed a petition for review.  *See* 5 C.F.R. § 1201.113.

¶3        On April 13, 2018, the appellant filed a petition for enforcement of the Board's final decision alleging that the agency had failed to comply with the Board's order to reinstate him.  Compliance File (CF), Tab 1.  In particular, he alleged that the agency had improperly abolished his prior position to prevent him from returning to it and improperly detailed him to a position as an Administrative Specialist in the Research and Development Service, a position which he alleged was not substantially similar to his prior position.  *Id.* at 2-3.  In response, the agency asserted that it had begun contemplating abolishing the appellant's position as redundant in fiscal year 2015 and concluded the process in January 2018.  CF, Tab 3 at 4-5.  The agency further represented that there were no vacant supervisory GS-11 positions, but that it was actively searching for one in which to place the appellant permanently and that it planned to reassign him to a supervisory position in Patient Care Services (PCS), pending classification of the position.  *Id.* at 5.

¶4        On June 18, 2018, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement.  CF, Tab 4, Compliance Initial Decision (CID).[2]  The administrative judge found that the agency proved that it had a compelling reason for not returning the appellant to his former position based on declarations from agency officials attesting that the former position had been abolished.  CID at 3-4.  The administrative judge further found that the appellant was returned as nearly as possible to the status quo ante because he was in the same position that he would have been had the agency not

---

[2] The compliance initial decision was erroneously dated June 22, 2018.  CID at 1.  On August 2, 2018, the administrative judge issued an Erratum Order correcting the date to be June 18, 2018.  CF, Tab 6.

removed him, abolished his position, and exercised its discretion to temporarily detail him while it searched for another position for him. CID at 4-5.

¶5    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a cross petition for review asserting that the appellant's petition is untimely filed, and it has also filed a response opposing the appellant's petition on the merits. PFR File, Tab 4. The appellant has filed a reply. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

We deny the agency's cross petition for review.

¶6    In its cross petition for review, the agency argues that the appellant's petition for review was untimely filed on July 26, 2018, three days after the July 23, 2018 deadline. PFR File, Tab 4 at 5. The agency further requests reconsideration of the Office of the Clerk of the Board's decision to accept the petition as timely. *Id.* at 5-6. We reject the agency's arguments. The record reflects that the compliance initial decision was erroneously dated June 22, 2018, and thus, erroneously notified the appellant that the deadline for filing his petition for review was July 27, 2018, thirty-five days after June 22, 2018. CID at 5. The appellant filed his petition for review on July 26, 2018. PFR File, Tab 1. On August 2, 2018, the Office of the Clerk of the Board accepted the appellant's petition as timely, noting that it was filed in accordance with the finality date set forth in the compliance initial decision.[3] PFR File, Tab 2. Also on August 2, 2018, the administrative judge issued an Erratum Order correcting the date of the compliance initial decision to June 22, 2018. CF, Tab 6.

---

[3] The agency argues that it was prejudiced by this 3-day delay because, but for the administrative error, it "would only [have] had to respond to the PFR on the basis of timeliness, not the merits, which would have conserved valuable resources." PFR File, Tab 4 at 5. We are not persuaded by this argument. It is equally as likely that, had the appellant been informed of the proper deadline, he would have timely filed his petition for review, necessitating the agency to respond to the merits.

¶7     The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). However, the Board will excuse the late filing of a petition for review on a showing of good cause for the delay. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8     Although we find that the appellant's petition was not filed within 35 days of the correct date of the initial decision, we find that good cause exists to waive the filing deadline because the administrative judge erred in informing the appellant of the deadline for filing a petition for review and the appellant's petition was submitted in accordance with the administrative judge's instructions. Accordingly, we accept the appellant's petition as timely filed.

We deny the appellant's petition for review.

¶9     The agency bears the burden of establishing that it has complied with a final Board order. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 441 (1996). Compliance requires that the appellant be returned as nearly as possible to the status quo ante consistent with the terms of the Board's final order. *Foreman v. U.S. Postal Service*, 82 M.S.P.R. 332, 336 (1998). Contentions pertaining to the

enforcement of a final Board decision are initially considered by the regional or field office that issued the initial decision. 5 C.F.R. § 1201.182(a); *see Smith v. Department of the Army*, 89 M.S.P.R. 82, ¶ 6 (2001).

¶10         We discern no error in the administrative judge's finding that the agency had a compelling reason for not returning the appellant to his former position because it had been abolished. CID at 3-4; *see, e.g.*, *Currier v. U.S. Postal Service*, 72 M.S.P.R. 191, 199 (1996). On review, the appellant reiterates his argument below that the agency had improper motives for abolishing his position. PFR File, Tab 1 at 6-7. However, the administrative judge considered and rejected such an argument. CID at 3-4. Thus, the appellant's argument amounts to mere disagreement with the administrative judge's finding and does not provide a basis for reversal. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The appellant also disputes the agency's assertion that his former position was abolished due to the lack of funding and submits new evidence, which he contends shows that the budget for full-time employees has steadily risen from 2015 to 2017. PFR File, Tab 1 at 7, 119-21. The appellant, however, has not explained why he could not have submitted such evidence, which appears to date back to 2014 and 2016, before the record below closed, and we decline to consider it for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider evidence or argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).[4]

---

[4] For the same reason, we also decline to consider the appellant's argument raised for the first time in his reply that the agency's action violates its handbook because the

¶11    The appellant also contends that the agency did not actually abolish his position because another employee in the Diagnostic Imaging Service was assigned his duties. PFR File, Tab 6 at 9, 13. However, this is consistent with the agency's representation that the administrative duties previously under the appellant's abolished position were divided between the Administrative Officer and PACS Administrator. CF, Tab 3 at 22. Finally, the appellant disputes the merits of the agency's decision to abolish his position and submits new documentation showing that similar organizational structures, in which a Chief Technologist oversees supervisors and leads, exist throughout the agency. PFR File, Tab 6 at 10, 16-18. He has not, however, explained why he could not have submitted such information below. Regardless, the Board lacks jurisdiction over matters concerning the agency's authority to abolish positions. *See D'Leo v. Department of the Navy*, 53 M.S.P.R. 44, 48 (1992).

¶12    Regarding his temporary assignment, the appellant reiterates his argument that the agency made no showing that the duties and responsibilities of his temporary assignment as an Administrative Specialist in the Research and Development Service are substantially similar to his former duties and responsibilities as a Chief Supervisory Radiologic Technologist.[5] PFR File, Tab 1 at 8. In response, the agency points out that it merely temporarily detailed the appellant to the Administrative Services position. PFR File, Tab 4 at 7. Additionally, the agency has acknowledged that the appellant's temporary

detail notice was vague and did not specify the duration of the detail. PFR File, Tab 6 at 8, 11-12.

[5] The appellant also argues for the first time on review that there was an available GS-11 position in the Diagnostic Imaging Service to which he could have been assigned. PFR File, Tab 6 at 10. In support of his argument, he submits new evidence dated after the close of the record below consisting of a vacancy announcement for the position of Diagnostic Radiologic Technologist (Quality Management), which was open from June 22 to July 13, 2018. *Id.* at 15. This position, however, is not a supervisory position. *Id.*

assignment was not a supervisory position, but that no vacant funded supervisory GS-11 positions were available, and it was actively working to reclassifying the GS-11 PCS position to add supervisory duties. CF, Tab 3 at 8.

¶13 The administrative judge found that the agency had not yet reassigned the appellant to a new position. CID at 4. He further found that the appellant was in no worse position than had the agency not removed him but instead had abolished his position and temporarily assigned him duties. *Id.* at 4-5. We discern no error in the administrative judge's finding that the agency reinstated the appellant as nearly as possible to the status quo ante when it temporarily assigned him duties while searching for a comparable supervisory GS-11 position to which it could permanently reassign him.

We forward the appellant's new allegation of noncompliance to the regional office for docketing.

¶14 After the compliance initial decision was issued, on July 6, 2018, the agency issued the appellant a management directed reassignment to the position of Supervisory Administrative Specialist (GS-11) with PCS, effective August 5, 2018. PFR File, Tab 6 at 19. However, the record does not contain a description of the duties and responsibilities of this position. Thus, it is not clear whether such a position is substantially similar to the appellant's former Chief Supervisory Radiologic Technologist position. Additionally, the agency asserts that, in lieu of accepting this position, the appellant applied for and accepted a position as an Administrative Specialist in the Research and Development Service, the same position to which he had been temporarily assigned. PFR File, Tab 4 at 9-10. The appellant appears to concede that he accepted the Administrative Specialist position, but he argues that he did so rather than risk being removed for not meeting the requirements of the PCS Supervisory Administrative Specialist position due to not having a nursing background. PFR File, Tab 6 at 9.

¶15    Thus, the evidence before the Board does not show whether the agency has complied with the Board's final decision with regard to the appellant's reinstatement.    Because contentions pertaining to the enforcement of a final Board decision should be considered first by the regional or field office that issued the initial decision, we forward the appellant's allegation that the agency's July 6, 2018 management directed reassignment failed to comply with the Board's order to the Northeastern Regional Office for the administrative judge to consider as a new petition for enforcement of the Board's final decision.  *See* 5 C.F.R. § 1201.182(a); *Smith*, 89 M.S.P.R. 82, ¶ 6.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____/s/ for_____
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.